NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------
HENRY SMITH,                          :
                                      :
            Plaintiff,                :    Civ. No. 06-03048 (DRD)
    v.                                :
                                      :
UBS FINANCIAL SERVICES,               :    **O P I N I O N**
INC.,                                 :
                                      :
                                      :
            Defendant.                :
---------------------------------------------

Ari R. Karpf, Esq.
KARPF, KARPF & VIRANT
3070 Bristol Pike
Bldg. 1, Ste. 102
Bensalem, PA 19020

*Attorney for Plaintiff*


Francis X. Dee, Esq.
McELROY DEUTSCH MULVANEY & CARPENTER, LLP
100 Mulberry Street
Newark, NJ 07102

*Attorney for Defendant*


**DEBEVOISE, Senior District Judge**

## I. PROCEDURAL HISTORY

Plaintiff, Henry Smith ("Plaintiff"), filed a four count complaint (the "Complaint") against defendant, UBS Financial Services ("Defendant") on June 6, 2006. The Complaint

alleges violations of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA") and the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, *et seq.* ("NJLAD"). Defendant filed an answer to the Complaint on August 16, 2006. Defendant now moves for dismissal of the first cause of action of the Complaint, which alleges a violation of the FMLA.

## II.  BACKGROUND

Plaintiff states that he was hired in or about April of 2000 and was employed as a senior systems associate by the Defendant. (Compl. ¶¶ 12-13). Plaintiff claims that on or about August 17, 2004, he suffered physical injuries which required him to take short-term disability leave under the FMLA (Compl. ¶ 19). Plaintiff alleges that although he was physically capable and repeatedly informed Defendant of his intention to return to work in January and/or February of 2005, Defendant "intentionally avoided engaging in any meaningful interaction with Plaintiff solely so it could replace him with a new employee." (Compl. ¶¶ 20-22). Furthermore, Plaintiff alleges that despite providing Defendant with medical documents evidencing his ability to work, he was told approximately one week later that he had been replaced. (Compl. ¶¶ 23-24). Plaintiff alleges in the first cause of action of the Complaint that he "was not placed in the position he held prior to his medical leave of absence in substantial part because of his need for said medical leave and for exercising his rights under the FMLA." (Compl. ¶ 30).

## III.  DISCUSSION

**Standard for Dismissal under Fed. R. Civ. P. 12(b)(6)**

Dismissal of a complaint pursuant to Rule 12(b)(6) is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the

allegations." Hishon v. King & Spalding, 467 U.S. 69, 73. Allegations contained in the Complaint will be accepted as true, Cruz v. Beto, 405 U.S. 319, 322 (1972), and Plaintiff shall be "given the benefit of every favorable inference that can be drawn from those allegations." Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991). However, the plaintiff is required to make factual allegations and cannot rely on conclusory recitations of law. Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 179 (3d Cir. 1988).

**First Cause of Action**

The first cause of action of the Complaint is titled "Retaliation & Interference Violations under the Family and Medical Leave Act." (Compl.). There, Plaintiff alleges that after his medical leave, he was not placed in the position he held before his leave because he exercised his rights under the FMLA. (Compl. ¶ 30).

The United States Department of Labor promulgated regulations implementing the FMLA, including § 825.220(c) which provides:

> An employer is prohibited from discriminating against employees or prospective employees who have used FMLA leave. For example, if an employee on leave without pay would otherwise be entitled to full benefits (other than health benefits), the same benefits would be required to be provided to an employee on unpaid FMLA leave. By the same token, employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions; nor can FMLA leave be counted under "no fault" attendance policies.

29 C.F.R. § 825.220(c).

The court in Bearley v. Friendly Ice Cream Corp., 322 F. Supp. 2d 563 (M.D. Pa. 2004) explained the distinction between an interference claim and a discrimination/retaliation claim as follows:

>Courts have recognized two distinct causes of action under the Family and Medical Leave Act (hereinafter FMLA). First, a plaintiff may pursue recovery under an "interference" theory. This claim arises under 29 U.S.C. § 2615(a)(1), which makes it unlawful for an employer "to interfere with, restrain, or deny" an employee's rights under the FMLA. Under an interference claim, it is plaintiff's burden to demonstrate that she was entitled to a benefit under the FMLA, but was denied that entitlement. The FMLA entitles eligible employees to reinstatement at the end of their FMLA leave to the position held before taking leave or an equivalent position. If the plaintiff meets this burden, then it is defendant's burden to demonstrate that she would have been denied reinstatement even if she had not taken FMLA leave. The second type of recovery under the FMLA is the "retaliation" theory. This claim arises under 29 U.S.C. § 2615(a)(2), which makes it unlawful for an employer to discriminate against an employee who has taken FMLA leave. Retaliation claims are analyzed under the burden-shifting framewok of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792. To establish a prima facie case of retaliation under the FMLA, a plaintiff must show: (1) she engaged in a statutory protected activity; (2) she suffered an adverse employment action; and (3) a causal connection exists between the adverse action and Plaintiff's exercise of her FMLA rights. After establishing a prima facie case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its adverse employment action. If the employer offers a legitimate, nondiscriminatory reason, the burden is shifted back to plaintiff to establish that the employer's reasons are pretextual.

Bearley, 322 F. Supp. 2d at 571 (most citations omitted)[1]; see also Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 146 (3rd Cir. 2004) (setting forth the elements of a claim for retaliation).

Defendant correctly states that Plaintiff has not pleaded that he was intentionally prevented from returning from his FMLA leave in November 2004. Defendant claims that

---

[1] Plaintiff's opposition to Defendant's Motion to Dismiss states, "Plaintiff withdraws his FMLA interference claim . . ." Therefore, any claim for "interference" is dismissed and this court will only address the merits of Plaintiff's claim under a "retaliation" theory.

therefore, it does not matter whether Plaintiff characterizes his claim as one for interference or retaliation.  Defendant argues that because Plaintiff was unable to return to work until nearly two months after his FMLA leave expired, he cannot as a matter of law claim entitlement to the protections of the FMLA.

Defendant is correct in that it was not obligated to restore Plaintiff to his prior position after the twelve-week period expired because Plaintiff did not have a substantive right to that restoration under the FMLA.  However, in addition to that substantive or prescriptive right, the FMLA protects the proscriptive right to be free from retaliation for having exercised the rights set forth in the FMLA.  See Dogmanits v. Capital Blue Cross, 413 F. Supp. 2d 452, 462 (E.D. Pa. 2005); see also Taylor v. Progress Energy Inc., 415 F.3d 364, 370 (4th Cir. 2005) ("The regulation [29 C.F.R. § 825.220] . . . recognizes that the FMLA protects a set of rights beyond the substantive right to take twelve weeks of leave, including the prospective rights to be free from discrimination and retaliation for the exercise of substantive FMLA rights.").

To support his claim for retaliation, Plaintiff must show, *inter alia*, that he suffered an adverse employment action.  "In order to show that termination was adverse, Plaintiff needs to present evidence indicating that . . . [he] could have performed . . . [his] job duties at the time of . . . [his] termination."  Dogmanits, 413 F. Supp. 2d at 463 (citing Alifano v. Merck & Co., Inc., 175 F. Supp. 2d 792, 795 (E.D. Pa. 2001)).

Here, as in Dogmanits, it is undisputed that Plaintiff was not able to return to work at the time of his termination.[2]  Plaintiff states in his Complaint that he was physically capable of

---

[2]Although the Complaint does not state the date on which Plaintiff was terminated, the Complaint alleges that he was advised he had been replaced a week after providing documents to Defendant regarding his intent to return to work.

returning to work in January and February of 2005, well after he had been terminated. Therefore, because Plaintiff has not alleged that he could have performed his job duties at the time of his termination, he failed to allege that he suffered an adverse employment action. Thus, Defendant's motion to dismiss the first cause of action of the Complaint will be granted.

## IV. **CONCLUSION**

For the reasons set forth above, Defendant's motion to dismiss will be granted. The court will enter an order implementing this opinion.


/s/ Dickinson R. Debevoise
DICKINSON R. DEBEVOISE, U.S.S.D.J.


Dated:        September 12, 2006